Rosa MAYER as Administratrix of Benjamin Mayer, Plaintiff,

v.

CHASE NATIONAL BANK OF the CITY OF NEW YORK, as Trustee, etc., Western Pacific Railroad Corporation, Wells Fargo Bank & Union Trust Company and Helene N. Preis, as Trustees under the Will of Sanford Sachs, John M. Wilmans as Executor of Lillian Wilmans, Leo V. Korbel, and Bank of America National Trust & Savings Association, etc., Defendants,

Euphemia V. R. Wyatt, as Administratrix c t a of Christopher B. Wyatt, et al., Intervening Defendants,

and

People of the State of New York, Intervenor Defendant.

Docket 24465.

United States Court of Appeals Second Circuit.

Submitted Feb. 4 and 11, 1957.

Decided March .12, 1957.

■■ The motions are denied. Evidently our opinion on the prior appeal was not sufficiently explicit. We did not intend to preclude the claimants from proceeding upon some new theory based upon new facts other than those considered in the claim we rejected; nor did we intend to prejudge any application for leave to serve an amended complaint. Accordingly, as the dismissal appears to be based upon a misunderstanding of the purpose and effect of the remand, we now vacate the judgment of dismissal and again remand the case in order that all issues raised by the pleadings, other than the claim we have already rejected, be determined.

Robert M. Cowen, New York City, for plaintiff.

Eugene H. Nickerson, New York City, Special Guardian.

Bernard Cowen, New York City, for Intervening defendants.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for the People of the State of New York.

Milbank, Tweed, Hope & Hadley, New York City, for Chase Manhattan Bank, etc.

Abraham J. Gellinoff, New York City, Special Guardian.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and GALSTON, District Judge.

PER CURIAM.

On a prior appeal in this case we set aside a summary judgment entered in favor of the plaintiff and other known bondholders, 2 Cir., 233 F.2d 468. Upon the remand, the District Court entered judgment dismissing plaintiff's complaint and the claims of the other known bondholders, and they have filed an appeal from this judgment. Motions have been made to dismiss the appeal as frivolous on the ground that we previously decided that these claimants have no rights in or to the fund.